COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


JAMAL R. BRENT, s/k/a
 JAMAL RAHIM BRENT

v.        Record No. 2049-94-2      MEMORANDUM OPINION[*] BY
                                    JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                  FEBRUARY 6, 1996


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                Joseph F. Spinella, Judge Designate

           Cullen D. Seltzer, Assistant Public Defender
           (David J. Johnson, Public Defender; Office of
           the Public Defender, on brief), for
           appellant.

           Margaret Ann B. Walker, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.



     Jamal Rahim Brent was convicted in a bench trial of

malicious wounding and felonious use of a firearm.  On appeal,

Brent contends that the trial court erred by refusing hearsay

evidence that a third party admitted shooting the victim.  We

find no error and affirm the judgment of the trial court.

     On February 23, 1994, at approximately 9:00 p.m., Douglas

Cheatham was shot five times outside his home.  On the night of

the shooting, in a photographic lineup, and in court, he

identified Brent as the shooter.  Cheatham testified that on the

night he was shot, he saw Brent standing in the alley beside his

neighbor's front yard.  Cheatham had walked out onto his porch to

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

watch for his wife. As he walked through his gate towards the street, he heard two shots, both of which struck him in the back. As he fell, he was shot three more times, twice in the arm and once in the chest. Cheatham testified that he tried to see who shot him and that he saw Brent standing about four to five feet away smiling at him.

Brent denied shooting Cheatham. He contends that Demartric Gray fired the shots. He testified that Gray confessed to him and to his cousins, Tarsha Brent and China Walker, that Gray shot Cheatham. The trial court refused to admit this testimony, ruling that it was inadmissible hearsay. Brent contends that the statement is admissible as a declaration against penal interest because Gray was unavailable.

After the defense rested, the trial court allowed it to reopen its case and to call Gray as a witness. The court wanted to compare the appearances of Gray and Brent. Gray testified that he had heard about the shooting, that he had seen Cheatham on Robinson Street before, but that he had no involvement in the shooting. Defense counsel did not question Gray about his alleged statement that he had shot Cheatham. After Gray testified, the Commonwealth called Cheatham to testify. Once again, Cheatham identified Brent as the shooter.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Jackson v.

Commonwealth, 13 Va. App. 599, 603, 413 S.E.2d 662, 665 (1992) (citations omitted).  "As a general rule, hearsay evidence is incompetent and inadmissible."  Neal v. Commonwealth, 15 Va. App. 416, 420, 425 S.E.2d 521, 524 (1992) (citing Coureas v. Allstate Ins. Co., 198 Va. 77, 83, 92 S.E.2d 378, 383 (1956)).  "The party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility."  Id. at 421, 425 S.E.2d at 524.

> A statement that is against the penal interest of the declarant at the time it is made is admissible as a "declaration against interest" exception to the hearsay prohibition.  However, before such a statement is admitted, the party offering it must prove that the declarant is unavailable to testify at trial.

Ferguson v. Commonwealth, 16 Va. App. 9, 11, 427 S.E.2d 442, 444 (1993) (citations omitted).

Demartric Gray was not unavailable as a witness at Brent's trial.  When Brent moved for the admission of the expected hearsay testimony, he failed to prove that Gray was unavailable.  Gray had not taken the witness stand and had not refused to testify.  A witness is unavailable if he is not physically present or he takes the stand and refuses to testify.  See Morris v. Commonwealth, 229 Va. 145, 326 S.E.2d 693 (1985).  A refusal to testify cannot be assumed.  See Scaggs v. Commonwealth, 5 Va. App. 1, 5, 359 S.E.2d 830, 832 (1987).  Furthermore, Gray was called as a witness and testified without invoking his Fifth Amendment privilege against self-incrimination.  Thus, he was not unavailable and his statement did not fall within the declaration

- 3 -

against interest exception to the hearsay rule.

We affirm the judgment of the trial court.

**<u>Affirmed.</u>**