COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Retired Judge Smith[*]
Argued at Salem, Virginia


CATHY DENISE SAUNDERS

MEMORANDUM OPINION[**] BY
v.    Record No. 1606-02-3      JUDGE RUDOLPH BUMGARDNER, III
JULY 8, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Jennifer R. Tuggle (J. Thompson Shrader &
Associates, P.C., on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Jerry W. Kilgore, Attorney
General, on brief), for appellee.


The trial court convicted Cathy Denise Saunders after a bench trial of petit larceny, third offense.  She maintains the trial court erred in admitting nonverbal hearsay evidence and the evidence was insufficient to convict.  Concluding the evidence was not offered for the truth of the assertion contained in it but was sufficient to prove larceny, we affirm the conviction.

_____

[*] Retired Judge Charles H. Smith, Jr., took part in the consideration of this case by designation pursuant to Code § 17.1-400.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The defendant entered a convenience store with a "flat" black bag and left a few minutes later with the bag "full." She crossed the street to a motel but returned about five minutes later with a different black bag. The manager alerted the store clerk to watch the defendant. The clerk had recently restocked the shelves and realized the shelves were "messed up" and two cans of corned beef hash and a jar of jelly were missing. She accused the defendant of taking the corned beef and asked to look in the defendant's bag. The defendant refused, bent out of view, and put something down. As she left the store, the defendant exhibited an empty bag to the manager, but then took a newspaper without paying for it. The clerk found two cans of corned beef hash on the floor in the aisle where the defendant had bent out of view.

Deputy Travis Dooms responded to the store, obtained a description of the defendant, and went to the motel across the street. The deputy learned the defendant was renting a room at the back of the motel on the upper level. The deputy arrived at the motel room only twenty-one minutes after the defendant entered the convenience store the first time. As the deputy approached the defendant's room, the defendant's son was outside but the door was open. The defendant appeared at the door. After the deputy asked her to retrieve the stolen merchandise, she began "taking things from one bag and putting them in

-

another."  She took one of the bags and accompanied the deputy to his patrol car where she revealed that the bag was empty.

At that time, the deputy received a radio report that a man was throwing something from the motel balcony.  The deputy ran to the back of the motel, saw the defendant's son standing there "look[ing] very nervous," and asked him where "he threw the stolen items."  The son responded by pointing in the direction of a wooded area about 15 yards away.  The deputy retrieved a second black bag that contained grocery items valued at $46.73, including the jar of jelly missing from the store.  The store manager and clerk identified the items in the bag as having been taken from the store without payment.

The defendant contends the court erred in allowing the deputy to testify that the defendant's son gestured toward the woods when asked where he threw the stolen items.  She maintains the gesture was inadmissible hearsay.

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted."  Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (en banc).  "The hearsay rule does not . . . exclude evidence of a statement offered for the mere purpose of explaining the conduct of the person to whom it was made."  Weeks v. Commonwealth, 248 Va. 460, 477, 450 S.E.2d 379, 390 (1994) (statement that defendant "did, in fact, shoot the trooper," explains officer's conduct in arresting defendant); Fuller v. Commonwealth, 201 Va. 724, 729,

-

113 S.E.2d 667, 670 (1960) (statement admissible to explain officer's warrantless arrest).

The Commonwealth introduced the gesture to explain why the deputy went to the precise location where he found the stolen items.  As the Commonwealth's attorney initially posed the question to the witness, it anticipated that the son's response would be verbal, and the defendant objected to it as calling for hearsay.  As the answer was proffered, the witness indicated that the response was not verbal but a gesture.  The defendant objected, "Because it goes right to the truth of the matter asserted," and the court overruled that objection because it was a gesture.  Later, during the motion to strike at the end of the Commonwealth's case-in-chief, the defendant renewed her objection to the evidence.  The trial court clarified its ruling and stated:  "It's a non-hearsay matter.  It shows the officer's state of mind, where he went."  It overruled the motion to strike, and when the defendant offered no evidence, found her guilty.

The gesture was nonverbal hearsay if it was introduced to prove the assertion contained in it:  that the items thrown were stolen.  The gesture was not hearsay if it was introduced to explain the deputy's actions.  The trial court admitted the evidence for its non-hearsay purpose and clearly stated that purpose, "it shows what the officer did next."

-

The evidence had an admissible use and an inadmissible use. The trial judge correctly recognized its proper use and did not err in admitting it for that purpose.  "A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both."  Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981) (statement not hearsay because admitted for non-hearsay purpose).

The defendant maintains the evidence was insufficient to prove petit larceny because no one saw her take anything from the store.[1]  Circumstantial evidence "'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'"  Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)).

We view the evidence and the reasonable inferences therefrom in the light most favorable to the Commonwealth. Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313 (1998).  The defendant entered the store with an empty bag and

---

[1] This argument overlooks the evidence that the defendant took a newspaper without paying for it as she left the store for the second time.

-

left with a full one.  She returned a few minutes later with another black bag.  Suspecting the defendant had taken cans of corned beef, the clerk asked if she could look in her bag.  The defendant refused, crouched out of view, put something down, and left the store.  Where the defendant had crouched out of view, the clerk found two misplaced cans of corned beef hash and discovered a jar of jelly was missing.  Within a short time, the deputy saw the defendant with two black bags in her motel room.  After learning something had been thrown from the motel balcony, the deputy discovered a black bag containing items taken from the store without payment.

"The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact."  Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).  The facts proven and the reasonable inferences drawn from them were sufficient to prove beyond a reasonable doubt that the defendant was guilty of third offense petit larceny.  Accordingly, we affirm the conviction.

Affirmed.

-

Benton, J., dissenting.

"[H]earsay . . . [is] 'that species of testimony given by a witness who relates, not what he knows personally, but what others have told him, or what he has heard said by others.'" Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953) (citation omitted).

> Hearsay evidence has been defined as evidence which derives its value, not solely from the credit to be given the witness on the stand, but in part from the veracity and competency of some other person. It is primarily testimony which consists in a narration by one person of matters told him by another.

Williams v. Morris, 200 Va. 413, 416-17, 105 S.E.2d 829, 832 (1958). The principle is well established that hearsay evidence is incompetent and inadmissible unless it falls within one of the recognized exceptions to the hearsay rule. Coureas v. AllState Ins. Co., 198 Va. 77, 83, 92 S.E.2d 378, 383 (1956). Moreover, "[o]ne seeking to have hearsay declarations of a witness admitted as an exception to the general rule must clearly show that they are within the exception." Doe v. Thomas, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984) (citation omitted).

During the police officer's testimony in response to the prosecutor's questions, the following incidents occurred:

> A: . . . . We received a call from our dispatch center saying that -- an anonymous call, saying that somebody was on the back deck of the Madison Motel.

- 7 -

[DEFENSE ATTORNEY]:  Well, Your Honor, now I'm going to object to that.

[JUDGE]:  Be received to show what he did next.

Q:  All right, based on the dispatch that you got, what did you do?

A:  I immediately ran back around to the back of the Madison Motel, around in the area of room 110.

Q:  And what, if anything, did you see when you got to that area?

A:  Michael Saunders was standing out back at the deck, looked very nervous.  I asked him where he threw the -- threw the stolen items.  He told me immediately --

[DEFENSE ATTORNEY]:  I object to the hearsay, Your Honor.

[PROSECUTOR]:  That's not hearsay, Your Honor.

[JUDGE]:  Well, if he told him where he threw the -- you said, I asked him where did you throw the stolen items.

*      *      *      *      *      *      *

Q:  What was the answer?

A:  The answer -- he -- he told me actually where -- he actually pointed it to me.  It was within view of the balcony.  It was in the woods.  We retrieved the items.  They were in another black bag, which I assume --

[DEFENSE ATTORNEY]:  Your Honor, I think that's hearsay.

[JUDGE]:  Why is pointing hearsay?

[DEFENSE ATTORNEY]:  Because it goes right to the truth of the matter asserted.

[JUDGE]:  Overruled.  Didn't say it, he pointed.

- 8 -

The trial judge's ruling clearly indicates he overruled the objection because he believed that the act of pointing could not be hearsay. The Supreme Court's decision in Stevenson v. Commonwealth, 218 Va. 462, 237 S.E.2d 779 (1977), demonstrates the error of the ruling. The record in Stevenson indicated a police officer asked Stevenson's wife to give him the clothes worn by Stevenson when he returned home a few days after a murder. He was permitted to testify that Stevenson's wife presented him with a shirt. Id. at 464, 237 S.E.2d at 781. Reversing the conviction, the Court held that "[n]onverbal conduct of a person intended by him as an assertion and offered in evidence to prove the truth of the matter asserted falls within the ban on hearsay evidence." Id. at 465, 237 S.E.2d at 781.

The Court specifically addressed the nature of the assertion in the following passage:

> [T]he act by Mrs. Stevenson came in response to the question of the officer as to what the defendant was wearing when he returned home from Ashland as well as the officer's request to obtain that clothing. Thus, the conduct of Mrs. Stevenson was intended as a nonverbal assertion for the purpose of showing that the shirt not only belonged to Stevenson but was in fact worn by him on the day of the crime. Moreover, it formed the basis of the Commonwealth's argument that he was wearing the shirt at the time the crime was committed. Accordingly, the officer's testimony relating to the shirt was inadmissible as violative of the hearsay rule, and the introduction into evidence of the shirt and the result of the scientific

- 9 -

> tests conducted thereon was without proper
> foundation.

Id. at 465-66, 237 S.E.2d at 781-82.

As in Stevenson, the officer in the present case testified about a nonverbal assertion made by Saunders's son, who was asked by the officer to identify where he had thrown "the stolen items." Thus, the officer's testimony impermissibly detailed facts related to him out of court by Saunders's son, including statements made by the officer to Saunders's son. The act of pointing was in response to the officer's inquiry about both where the man threw the items and the identification of the items as "stolen." This evidence formed the basis of the Commonwealth's hypothesis that the items came from the room where Saunders had been, that Saunders stole them, and that Saunders's son discarded the items knowing Saunders stole them. See 218 Va. at 465-66, 237 S.E.2d at 782 (noting that the nonverbal assertion was intended to link the accused to the charged crime).

In convicting Saunders, the trial judge made the following findings that establish he accepted the assertive nature of the evidence:

> [T]hen [the officer] gets a call, goes --
> walks around back and stuff is off the
> balcony on the back side and the son that
> took the police to the room is there on the
> balcony and points to it.
>
> All the -- and all this happened in a
> looks like about a thirty minute period.  I

- 10 -

> mean all the circumstances point right to stealing the items.

The trial judge drew these impermissible inferences because, as in Stevenson, the police officer was allowed to testify about an assertive action made out-of-court by a person in response to the officer's incriminating inquiry.

Merely saying the evidence had a non-hearsay purpose is not sufficient to meet the Commonwealth's burden of proof. The officer's conduct had no bearing on any issue except proving Saunders's son obtained the "stolen items" from the room and threw them off the balcony. As in Stevenson, the officer's conduct was irrelevant to any issue the judge was required to determine and it was used for an impermissible purpose.

Ruling hearsay evidence inadmissible in Donahue v. Commonwealth, 225 Va. 145, 300 S.E.2d 768 (1983), the Supreme Court addressed a deficiency similar to the one existing in the present case:

> [Appellant] submits that the Commonwealth's [evidence] suffers the same infirmities found in Stevenson. There, we held that the hearsay rule excluded the non-verbal act of the defendant's wife in giving a police officer a particular shirt in response to his inquiry as to what the defendant was wearing on the day of the crime. We reasoned that the Commonwealth had used the wife's conduct to show the truth of the matter asserted: that the shirt belonged to and was worn by the defendant at the time the crime was committed.

- 11 -

> The Attorney General relies upon <u>Fuller</u>
> <u>v. Commonwealth</u>, 201 Va. 724, 113 S.E.2d 667
> (1960), where we held that the hearsay rule
> does not operate to exclude evidence of a
> statement that is offered, not for the
> purpose of showing the guilt or innocence of
> the accused, but merely to explain the
> conduct of the person to whom it was made.
> We think the Attorney General's reliance is
> misplaced.
>
> In <u>Fuller</u>, the Commonwealth introduced a
> statement the victim made to the police
> concerning an assault made upon him by the
> defendant.  The Commonwealth's purpose was
> to demonstrate that the police had
> reasonable ground to believe that a felony
> had been committed and to explain why the
> defendant was arrested without a warrant.
> But here, despite assurances to the
> contrary, the note was introduced and used
> by the Commonwealth to prove the truth of
> its contents.

<u>Donahue</u>, 225 Va. at 152, 300 S.E.2d at 771-72.

Indeed, as clearly manifest in the trial judge's ruling in the present case, the hearsay evidence was admitted under the misapprehension that "pointing" was not an act that implicates the hearsay rule.  In addition, the judge's findings at the conclusion of the evidence undisputably establish the evidence was admitted and used to prove the truth of the assertions.

For these reasons, I would hold the trial judge erred in admitting the hearsay evidence.  Because the record demonstrates that evidence was used as a substantial basis to support the verdict of conviction, it was not harmless.  <u>Scearce v.</u> <u>Commonwealth</u>, 38 Va. App. 98, 105, 561 S.E.2d 777, 781 (2002).

Accordingly, I would reverse the conviction and remand for a new trial.