## Richmond

JAMES E. NEAL, II

v.

COMMONWEALTH OF VIRGINIA

No. 1397-91-2

Decided December 8, 1992

COUNSEL

Susan D. Hansen, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—James E. Neal, II, appeals his conviction for possession of heroin with intent to distribute. He contends (1) that the trial judge erroneously ruled that a search warrant affidavit was inadmissible as evidence, and (2) that the trial judge's conduct denied him a fair and impartial trial. For the reasons that follow, we affirm the conviction.

## I.

The evidence before the jury proved that at 2:00 p.m. on November 1, 1990, the City of Richmond police obtained a warrant to search Dinetta Riley's apartment on Stockton Street. Forty minutes later, when the police arrived at the apartment to execute the warrant, they found Neal sitting on the front porch reading a book and listening to a portable radio. Riley was in an upstairs bedroom. Immediately inside the front door of the apartment, the police found a duffel bag with its drawstring pulled closed and a sweater lying over the top of it. The duffel bag contained a bus ticket for a round trip from New York City to Richmond, men's clothing, and a small radio pouch. The radio pouch, which was zipped closed, contained twenty-one packets of heroin, $531 in cash, Neal's personal papers, and two martial arts throwing stars. While searching other areas of the apartment, the police found packages of cocaine. The police arrested Neal for possession of the heroin with intent to distribute and arrested Riley, the lessee of the apartment, for possession of the cocaine.

During the defense case, Neal's counsel called as a witness the officer who signed the search warrant affidavit. During the course of the officer's testimony, Neal's counsel offered the search warrant and affidavit as an exhibit. Although the Commonwealth's attorney stated no objection when Neal's counsel first offered the affidavit as an exhibit, the trial judge initiated the following exchange after the exhibit was offered:

[NEAL'S COUNSEL]: Your Honor, at this time I would like to introduce the search warrant into evidence.

THE COURT: I don't know the purpose of it?

[NEAL'S COUNSEL]: Sir?

THE COURT: I don't know the purpose of introducing it.

[NEAL'S COUNSEL]: The purpose for introducing it — well, it will become clearer after the defendant testifies.

THE COURT: We will see what the defendant says.

[NEAL'S COUNSEL]: I would prefer that the defendant testify rather than I testify for him.

THE COURT: Well, after he testifies you can call the officer back. Maybe then I will know, too.

[NEAL'S COUNSEL]: All right. We will do it that way.

THE COURT: All right.

[NEAL'S COUNSEL]: I am just attempting to — note my exception — I am attempting to introduce the search warrant at this time, Your Honor. I have no other questions of the officer.

Neal was then called as a witness and testified that he resided in New York but was planning to move to Richmond. He left New York by bus on October 31, 1990, and arrived in Richmond about 12:30 a.m. on November 1. Neal testified that when the bus was in Washington, D.C., he was stopped by a police officer who asked to search his bags. He said the officer found no contraband and permitted Neal to continue his trip.

Neal further testified that Riley met him at the bus station and took him to her apartment, where he took a shower and went to sleep in the

living room. He said he was awakened when someone knocked at the door around 3:00 a.m. and spoke with Riley. Neal stated that he left his duffel bag at the apartment at 10:00 a.m. that morning and went away with Riley's niece. Before he left, two women and a man came to the apartment. When Neal and Riley's niece returned to the apartment about 12:30 p.m., Riley was alone in the house. Riley spoke with her niece, and both women quickly left the apartment. Neal testified that the man who had come to the apartment earlier that morning came again. When the man left, another man arrived. Neal testified that he decided to go back to New York because the people coming in and out of the apartment made him uncomfortable. He said he was waiting for Riley's niece to return when the police arrived at the apartment. Neal testified that the money in the duffel bag represented his earnings as a bike messenger and that all the items in the duffel bag, except the drugs, were his.

At the conclusion of Neal's testimony, his counsel again offered the search warrant. When the Commonwealth objected that it was hearsay, the trial judge again asked, "What [is] the purpose of it . . .?" To which Neal's counsel responded, "Well, I think that would go to whether it is the weight or what weight the Court feels it should be afforded. It would be a question for the jury to decide." The trial judge admitted the search warrant but not the affidavit. The affidavit was placed in the record as a rejected exhibit.[1]

---

[1] The affidavit contained the following information:

Within the past 24 hours I personally spoke with the confidential reliable informant who stated that within the past 48 hours that while at the apartment located at 902C Stockton Street the informant saw a black male described as approx 6' tall medium build dark complexion and a black female known to the informant as "Pete Riley" selling small packages of an off white powder substance from within this apartment. This informant has used Heroin in the past and is familiar with its appearance and packaging and stated that the substance being sold from this apartment to the best of the informants knowledge is Heroin. The informant also stated that there was more heroin for sale in this apartment.

* * * *

The informant has given this affiant information in the past which has proven to be true through an ongoing independent police investigation. This informant has also given this affiant information within the past 72 hours which has led to the recovery of over $1200.00 worth of cocaine which field tested positive for cocaine and which is a vital factor in an ongoing independent police investigation.

## II.

■ Generally, when a specific objection is made to evidence or when inquiry is made by the trial judge concerning the purpose of evidence, the proponent of the evidence has the burden of establishing its admissibility. *See* 1 *Wigmore On Evidence* §§ 14.1, 17, and 18 (Tiller's rev. ed. 1983). Neal's counsel had the opportunity on two occasions to address the relevance and admissibility of the warrant and affidavit and, on each occasion, failed to do so.[2] After Neal's counsel offered the documents as evidence at the conclusion of the defense case, the Commonwealth objected that the document, which recited statements from an informant, was hearsay.

■ As a general rule, hearsay evidence is incompetent and inadmissible. *Coureas v. Allstate Ins. Co.*, 198 Va. 77, 83, 92 S.E.2d 378, 383 (1956).

"Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus

---

[2] We agree with Neal's counsel that when she offered the exhibit the second time the trial judge precluded her from extending her argument. We conclude, however, that counsel had a reasonable opportunity to state the grounds for admitting the document. The transcript shows the following exchange:

[NEAL'S COUNSEL]: Your Honor, I would like to introduce the search warrant at this point.

[COMMONWEALTH'S ATTORNEY]: Judge, I think it contains hearsay as all search warrants do.

THE COURT: Where is the search warrant, the affidavit? I don't know what the search warrant, what the purpose of it is?

[NEAL'S COUNSEL]: Well, I think that would go to whether it is the weight or what weight the Court feels it should be afforded. It would be a question for the jury to decide.

THE COURT: I don't know. I mean, the search warrant, let me see it. I have not even seen it. It is just so unusual to introduce the search warrant. I don't know the purpose. What is the objection to it?

[COMMONWEALTH'S ATTORNEY]: Judge, I think it is hearsay.

THE COURT: It has some hearsay in it. I will let the search warrant in and keep the affidavit out.

[NEAL'S COUNSEL]: Your Honor, the affidavit is what I want in.

THE COURT: I know, but that is based on hearsay. That is just another way to try to get the hearsay evidence in. The search warrant is hearsay, but it is not the same thing.

[NEAL'S COUNSEL]: The affidavit has the information.

[THE COURT]: That is the ruling of the Court. There is no sense arguing about it any further.

resting for its value upon the credibility of the out-of-court assert-
er.''

*Stevenson v. Commonwealth*, 218 Va. 462, 464-65, 237 S.E.2d 779,
781 (1977) (quoting *McCormick on Evidence* § 246, at 584 (2d ed.
1972)). The party seeking to rely upon an exception to the hearsay rule
has the burden of establishing admissibility. *Doe v. Thomas*, 227 Va.
466, 472, 318 S.E.2d 382, 386 (1984). ''Affidavits are not generally
admitted as a hearsay exception solely because they are affidavits.''
Charles E. Friend, *The Law of Evidence in Virginia* § 249 (3d ed.
1988). The affidavit that was rejected by the trial judge in this case
primarily contained out-of-court statements that the officer said were
made by an informant.

On appeal, Neal argues that the affidavit was admissible because (1)
it supported and corroborated his defense that he was falsely accused
of the offense by the informant or some other person; (2) the trial
judge was precluded by Code § 19.2-56 and *Lane v. Commonwealth*,
223 Va. 713, 292 S.E.2d 358 (1982), from severing the affidavit from
the search warrant and admitting only the search warrant; (3) the prin-
ciple of unreliability undergirding the hearsay rule was not applicable
in this case because the magistrate had determined that the informant
was reliable and credible; and (4) the affidavit was admissible under
the public document exception to the hearsay rule. The
Commonwealth argues that Neal failed to assert any of these positions
at trial in support of admitting the affidavit. In addition, citing *Tickel
v. Commonwealth*, 11 Va. App. 558, 400 S.E.2d 534 (1991), the
Commonwealth argues that the affidavit was hearsay because it was
offered to prove the truth of the informant's out-of-court statements,
*id.* at 564, 400 S.E.2d at 538, and because the affidavit did not satisfy
the official documents exception. *See id.* at 567, 400 S.E.2d at 539.

In the trial court, Neal's counsel failed to offer any hypothesis sup-
porting admissibility of the affidavit. When Neal's counsel offered the
evidence the second time, she had been forewarned that the trial judge
was concerned about its admissibility. The statement that the docu-
ment is offered for ''what weight the Court feels it should be af-
forded'' does not address grounds of admissibility. ''[V]ague protesta-
tions against excluding the evidence were insufficient to assist the trial
judge in making a rational determination of its admissibility.'' *Wright
v. Hartford Accident & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1978).

When an objection identifies the rule of evidence on which admission or exclusion depends, the proponent ordinarily need not do more to preserve error than offer the evidence. But when the objection, hearsay in this case, does not focus on the specific issue presented on review, here the applicability of [a specific] exception, error is not preserved [when the evidence is excluded] unless the proponent [of the evidence] alerts the trial court to that issue. This is in accord with the general principle that to preserve error in a ruling on evidence a party must notify the trial court of his position and the specific rule of evidence on which [the party] relies.

*Huff v. White Motor Corp.*, 609 F.2d 286, 290 n.2 (7th Cir. 1979).

■ Because the affidavit that was tendered in this case was primarily a recitation of out-of-court statements made by an informant to a police officer, the trial judge concluded after reviewing the affidavit that the statements were hearsay. When the Commonwealth stated the hearsay objection, Neal's counsel offered no basis upon which the trial judge could have concluded that the affidavit was being tendered as an exception to the hearsay rule. "When evidence apparently inadmissible is offered for a limited purpose, the party making the offer has the burden of making clear to the court his or her theory of admissibility." *State v. Davis*, 269 N.W.2d 434, 442 (Iowa 1978). Failure to do so in the trial court cannot be remedied by offering the theory of admissibility for the first time on appeal.

### III.

■ Neal also contends that the trial judge's conduct denied him a fair and impartial trial. This issue is procedurally barred. In pertinent part, Rule 5A:18 states:

No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

This Court has said "[t]he primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." *Martin v. Commonwealth*, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).

On this appeal, Neal's counsel points to conduct and numerous comments by the trial judge that counsel asserts were unacceptable. At trial, counsel did not move for a mistrial or object in any way. At a minimum, at some point during the trial, counsel must notify the trial judge of the problem or assert in some way counsel's belief that the defendant was being denied a fair and impartial trial.

### III.

We cannot say that the trial errors complained of are "clear, substantial and material," *Brown v. Commonwealth*, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989), so as to require invocation of the good cause exception to obtain the ends of justice. *See also United States v. Edwards*, 696 F.2d 1277, 1281 (11th Cir.), *cert. denied*, 461 U.S. 909 (1983). For these reasons, the conviction is affirmed.

*Affirmed.*

Coleman, J., and Fitzpatrick, J., concurred.