COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


CARL EDWARD LORD
                                    MEMORANDUM OPINION*
v.    Record No. 0049-02-4              PER CURIAM
                                       JUNE 25, 2002
DEBRA K. LORD


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   M. Langhorne Keith, Judge

            (Peter D. Greenspun; Christie A. Leary;
            Greenspun & Mann, P.C., on brief), for
            appellant.

            No brief for appellee.


     Carl E. Lord (husband) appeals the decision of the circuit

court awarding Debra K. Lord (wife) a protective order against

him.  On appeal, husband contends the trial court erred in (1)

finding the evidence sufficient to support the issuance of the

protective order, (2) admitting evidence of husband's prior bad

acts, and (3) admitting wife's affidavit in lieu of her

presentation of direct evidence.  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to wife as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

Husband and wife divorced in June 2000.  Pursuant to a visitation schedule, husband visits with the parties' young daughter, Marissa, on Sundays.  On the evening of June 7, 2001, husband arrived at wife's apartment to return Marissa.  Appellant began arguing with wife about the visitation schedule.  Husband waved his finger in wife's face and refused to give wife the sleeping child.  Wife testified appellant walked away from her apartment carrying Marissa.  Wife followed.  Husband turned and shoved, elbowed, and grabbed wife.  She stated she is afraid of husband.

Michelle Thieling testified she lived in the same apartment complex as wife and that she was in the parking lot on June 7, 2001.  Thieling saw husband looked angry as he held wife by her right elbow and that wife looked scared.  Ronald Winters testified he heard wife calling for help.  When he opened his door, he saw wife trying to call the police.  Winters stated that wife appeared frightened and upset.  Winters contacted the police.  The following day, wife obtained a temporary protective order against husband.

-

The evidence also indicated appellant was charged with assaulting wife in 1997. The charge was dismissed conditioned upon husband's attending counseling.

## Analysis

### I.

"The judge's authority to issue the protective order derived from Code §§ 16.1-278.14 and 16.1-279.1." Goodwin v. Commonwealth, 23 Va. App. 475, 480, 477 S.E.2d 781, 783 (1996).

In pertinent part, Code § 16.1-279.1 states that "[i]n cases of family abuse, the court may issue an order of protection to protect the health and safety of the petitioner and to effect the rehabilitation of the abusing person and reconciliation of the parties as the court deems appropriate." "'Family abuse' means any act involving violence, force, or threat including any forceful detention, which results in physical injury or places one in reasonable apprehension of serious bodily injury and which is committed by a person against such person's family or household member." Code § 16.1-228. A "family or household member" includes "the person's former spouse, whether or not he or she resides in the same home with the person." Id.

The trial court believed the testimony of wife and her witnesses. "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor

-

of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). Husband grabbed, pushed, and elbowed wife during a verbal argument. He refused to surrender Marissa and placed wife in fear for her safety. The evidence was sufficient to prove that husband committed an act of abuse against a family member, and Code §§ 16.1-278.14 and 16.1-279.1 authorized the judge to issue an order to protect wife.

## II.

Husband argues the trial court erred by admitting evidence of the 1997 assault charge. However, when wife's counsel questioned husband regarding the prior incident, husband merely objected without explanation or argument.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). A trial court must be alerted to the precise "issue" to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). "'It is the duty of a party . . . when he objects to evidence to state the grounds of his objections, so that the trial judge may understand the precise question . . . he is called upon to decide.'" Simmons v. Commonwealth, 6 Va. App. 445, 450, 371 S.E.2d 7, 10 (1988) (citation omitted). Husband did not present the grounds of his objection to the trial court.

-

Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## III.

Husband also argues the trial court erred by admitting wife's affidavit in lieu of presenting direct evidence and by requiring him to proceed with his direct evidence.

Husband's counsel asked the court, "Do you want us just to respond to the affidavit?" The trial judge replied, "I want you to respond to the affidavit," to which counsel responded, "That's fine." Husband did not object to the procedure at the time. Husband, "having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979). "No litigant . . . will be permitted to approbate and reprobate - to invite error . . . and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988). Thus, we do not consider this question presented.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-