COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


WILLIE LEE AMES

                                    MEMORANDUM OPINION*
v.    Record No. 1524-02-1               PER CURIAM
                                        APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  Charles D. Griffith, Jr., Judge

            (Michael C. Rosenblum; St. Clair, St. Clair,
            Bragg, Mirman, Sandwich and Rosenblum, on
            brief), for appellant. Appellant submitting
            on brief.

            (Jerry W. Kilgore, Attorney General; Donald
            E. Jeffrey, III, Assistant Attorney General,
            on brief), for appellee. Appellee submitting
            on brief.


     Appellant contends the trial judge erroneously denied his

motion to suppress. We hold that Rule 5A:18 bars appellant's

challenge to the trial judge's ruling, and we affirm.

     At the hearing on appellant's suppression motion, appellant's

attorney made the following opening statement:

            [T]his was filed as defendant's motion
            for suppression hearing based on the Fourth
            Amendment. The Defense is saying that the
            officer violated the defendant's Fourth
            Amendment rights by conducting a
            warrant[less] search at the home where he
            lived at and where he had an expectation of
            privacy, Judge. Therefore, since the search

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> and seizure was illegal, items recovered from that home were also illegal. And furthermore, there was no probable cause or reasonable articula[ble] suspicion to do either, Judge.

Thereafter, Officer Minshew testified that when his police car entered the street, a group of men on the sidewalk dispersed. One man ran between the houses, and appellant entered a yard. Appellant walked to the foundation of the house and tossed a plastic baggie into an open vent. The officer retrieved the baggie of cocaine and arrested appellant. Appellant said he did not live at the house. The officer testified that he did not pursue the running man.

Appellant testified he was sitting on his porch when he saw the police. He went to his yard when the officers arrived, and a man ran between the houses. The officer pursued the man, returned, and then pulled the bag from the open vent in the foundation. He said it would have been impossible for the officer to see into the yard from his car. He also denied possessing a baggie and throwing it inside the vent. Appellant suggested that other people in the yard had an opportunity to throw an object in the vent.

The trial judge denied the motion to suppress. This appeal followed.

On this appeal, appellant asserts that the trial judge erred in finding that Officer Minshew did not violate his Fourth Amendment rights when he entered appellant's property and

-

conducted a warrantless search.  In compliance with the Rules of Court, appellant indicated in his brief that he preserved this issue on page 53 of the joint appendix.  See Rule 5A:20(c) (providing that appellant's opening brief shall contain "a clear and exact reference to the page(s) of the . . . appendix where each question was preserved in the trial court").

Appellant's attorney's closing statement is contained on pages 52 and 53 of the joint appendix.  He argued the following:

> Judge, there was a lot of things going on that night.  There was a lot of people out there.  I think everyone has testified to that.  They all moved when the officers came.  They get out of the way, they go up on the porch, into the house.  They have to pass that hole.  You can see from the pictures, they have to pass that hole to get up on the porch.
>
> The officer said he believed there was another way, but you've heard people testify, there's only one way onto the porch.  He wasn't a hundred percent sure there was another way to get up on that porch.
>
> Judge, it's highly unlikely that an officer would see somebody running and not go chase that individual who ran.  Again, there's a lot of people out there.  The two juveniles, the officer admits, has to pass that hole to go up on the porch where the officer recovered those drugs from, Judge.
>
> There's people who testified that Mr. Ames was on the porch.  One of them had been talking to him, and he was inside of his gate not outside of his gate as the officer testified.  There were other people out there, Mr. Ames was not one of them who was outside of the gate.

-

The trial judge's entire ruling is contained on page 53, the same page on which appellant indicated he preserved the Fourth Amendment issue. The trial judge ruled as follows:

> For purposes of this hearing, I'm going to resolve this issue in favor of the Commonwealth.
>
> This officer was very direct about what he saw. It certainly gave him the reasonable suspicion and probable cause necessary to effect this stop.
>
> I don't think it's incredible at all. He wouldn't chase the other man when he saw this man throw something in a hole.
>
> I'll note your exception to my ruling and set this for a hearing.

The record clearly indicates appellant's attorney focused his argument on conflicts in the factual evidence about who deposited the cocaine in the foundation vent. He argued that the officer had no basis to detain appellant because appellant did not put the cocaine in the vent; he did not argue that the officer had no right to enter the curtilage and look inside the vent.

A trial judge must be alerted to the precise issue to which a party seeks a ruling. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). "The primary function of [Rule 5A:18] 'is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Johnson v. Commonwealth, 20 Va. App.

-

547, 553, 458 S.E.2d 599, 601 (1995) (en banc) (citation omitted).

In this case, the record fails to show that appellant alerted the trial judge to the Fourth Amendment issue he now raises on appeal. See Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994). But see Belmer v. Commonwealth, 36 Va. App. 448, 453-54, 553 S.E.2d 123, 125 (2001) (explaining that issue was not procedurally defaulted where defendant's presentation of evidence and argument alerted trial court to the issue). The issue presented to the judge was whether the officer mistakenly believed appellant put the cocaine in the vent.

Because the requirements of Rule 5A:18 have not been met, we will not consider this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18 because the area of the yard was viewable by members of the public who may legitimately come upon the property. Thus, appellant had no reasonable expectation of privacy in the area. Shaver v. Commonwealth, 30 Va. App. 789, 795, 520 S.E.2d 393, 396 (1999). Accordingly, we affirm the judge's ruling and the conviction.

Affirmed.

-