COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


JAMES CHARLTON

                                            MEMORANDUM OPINION*
v.      Record No. 2448-03-3                     PER CURIAM
                                              DECEMBER 23, 2003
TAZEWELL COUNTY
 DEPARTMENT OF SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                        Michael L. Moore, Judge

        (Kelly Combs Necessary; Dudley, Galumbeck, Necessary & Dennis,
        on brief), for appellant.

        (Stephen E. Arey; F. Bradley Pyott, Guardian *ad litem* for the minor
        child; Stephen E. Arey, P.C.; Gillespie, Hart, Altizer & Whitesell, on
        brief), for appellee.


        The trial court terminated the parental rights of James Charlton to his daughter pursuant

to Code § 16.1-283(E)(iii).  On appeal, Charlton contends (1) the evidence failed to establish he

was convicted of a felony involving serious bodily injury to his daughter as required by the statute,

and (2) the Tazewell County Department of Social Services failed to provide him with required

services.  Upon reviewing the record and briefs of the parties, we affirm the decision of the trial

court.  See Rule 5A:27.

                                      BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proved that Charlton and his daughter's mother never resided together. After she was subjected to physical and mental abuse while living with her mother and grandmother, Charlton's daughter began residing with Charlton and his girlfriend. She lived with them for approximately five years until Charlton was convicted of child abuse for beating his son and then incarcerated for violating the terms of a previously suspended sentence. The Department later removed the daughter from the home where she resided with Charlton's girlfriend and placed her in foster care after allegations of abuse.

ANALYSIS

I.

Code § 16.1-283(E) provides, in pertinent part, as follows:

> The residual parental rights of a parent or parents of a child who is in the custody of a local board or licensed child-placing agency may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and . . . (iii) the parent has been convicted of an offense under the laws of this Commonwealth or a substantially similar law of any other state, the United States or any foreign jurisdiction that constitutes felony assault resulting in serious bodily injury or felony bodily wounding resulting in serious bodily injury or felony sexual assault, if the victim of the offense was a child of the parent or a child with whom the parent resided at the time of such offense . . . .

Charlton acknowledges he pled guilty to felony child abuse involving the beating of his son. Although he argues on appeal that the evidence failed to prove the abuse resulted in "serious bodily injury," Charlton failed to raise this argument before the trial court.

This Court will not consider an argument on appeal that was not presented to the trial court. Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). Thus, we have held that a trial court must be alerted

to the precise "issue" to which a party objects.  <u>Neal v. Commonwealth</u>, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

In his argument at the conclusion of the hearing and in his written objection on the termination order, Charlton asserted only that he objected "on the grounds that no services have been provided to [him] in order to give him the opportunity to regain custody of his daughter."  He did not argue that the Department did not prove his son suffered a serious bodily injury.  Accordingly, Rule 5A:18 bars our consideration of these specific issues on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## II.

Charlton also contends the trial court erred by terminating his residual parental rights because the Department did not provide him "reasonable and appropriate services."

Code § 16.1-283(E) does not require that the Department provide a parent with any services.  To terminate a parent's residual parental rights under Code § 16.1-283(E)(iii) the Department need only prove that the termination is in the child's best interests and that the parent has been convicted of an offense that constitutes felony assault resulting in serious bodily injury to the child in question or to another of the parent's children.  The trial court found that the Department presented clear and convincing evidence that termination of Charlton's parental rights was in the best interest of his daughter.  The evidence supports that ruling.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>