COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


SETH A. BAILEY

MEMORANDUM OPINION[*] BY

v.        Record No. 2143-08-1        JUDGE ROBERT J. HUMPHREYS
                                      JANUARY 12, 2010

NETTIE L. BAILEY


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Kim M. Crump for appellant.

No brief or argument for appellee.


Seth A. Bailey ("husband") appeals the circuit court's dismissal as untimely his motion to

designate as waste a second mortgage taken out by Nettie L. Bailey ("wife") on their marital

residence.  Husband contends that the circuit court had indicated at a previous hearing that it

would address the issue at a later time and therefore abused its discretion in holding the motion

as filed untimely.[1]  For the following reasons, we disagree and affirm.


---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's brief contains a second question presented:

> Did the trial court err when it entered a decree of divorce a vinculo
> matrimonii containing language stating that the parties had agreed
> that if the Court were to find the "Contract of Marriage' dated July
> 16, 1995 valid then the former marital residence would be awarded
> to Defendant, even though the parties did not agree to such matter
> as evidenced by motion and the Transcript of Proceedings on June
> 12, 2008?

Because the validity of the contract was determined in a separate appeal by the wife, we will not
address the issue in this appeal.  See Bailey v. Bailey, 54 Va. App. 209, 677 S.E.2d 56 (2009).

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. The purpose of "'Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)).

In this case, the record fails to establish:  (1) that husband objected to the dismissal of his motion to designate as waste, and assuming he did, in fact, object to its dismissal (2) any grounds husband relied upon in support of his motion.  Furthermore, nothing in the final decree of divorce indicates that husband's motion to designate as waste was presented to, and dismissed by, the circuit court during the August 8, 2008 hearing.  Contrary to husband's assertion that he objected to the dismissal of his motion at the time the final decree of divorce was entered, the circuit court's order contains no indication that either he, or his counsel, made such an objection.

Moreover, in husband's motion to reconsider, he admits that "[a]lthough the entered divorce decree contains an objection to language within the decree it does not contain an objection to the denial of the motion."  Husband also states in his motion to reconsider that "[a] statement of facts would serve as a record for preservation of appeal regarding [husband's] objection to the denial of the motion" and "[w]ithout establishment of a statement of facts there is no preservation of the record for appeal in regards to this issue."  The record contains

transcripts of the evidentiary hearing and does not contain a statement of facts that conforms to Rule 5A:8(c).[2]

Based on the record before us, we find that husband failed to make a timely objection to the dismissal of his motion at the time of the ruling.  Therefore, the issue presented is procedurally defaulted, and we affirm the circuit court.

<u>Affirmed.</u>

---

[2] Appellant submitted a proposed written statement of facts to the trial court with respect to the hearing at which the final order was entered.  The trial court rejected the proposed statement of facts as both inaccurate and unnecessary in view of the fact that no *ore tenus* hearing was held at that time.