COURT OF APPEALS OF VIRGINIA


Present: Judges Haley, McCullough and Senior Judge Willis


TIFFANY SAROYCE JOHNSON

MEMORANDUM OPINION[*]
v.        Record No. 1602-11-4                                         PER CURIAM
                                                                                  FEBRUARY 28, 2012
ARLINGTON COUNTY DEPARTMENT
  OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
James F. Almand, Judge

(Jason S. Rucker; Rucker & Rucker, on brief), for appellant.

(Jonnise M. Conanan, Assistant County Attorney; Ellen M. Dague,
Guardian *ad litem* for the minor child, on brief), for appellee.


Tiffany Johnson (mother) appeals from an August 2, 2011 circuit court order terminating

her residual parental rights to her child pursuant to Code § 16.1-283(C)(2). On appeal, mother

argues the trial court erred by 1) "finding that the County met its burden of proof of clear and

convincing evidence that the Arlington Department of Human Services [the Department] offered

reasonable and appropriate services" and 2) "finding that the County met the burden of proof of

clear and convincing evidence that mother failed to remedy the conditions that led to removal."

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

> [B]efore residual parental rights can be terminated under
> Code § 16.1-283(C)(2), a court must find: (1) by clear and
> convincing evidence; (2) that termination is in the child's best
> interests; and, (3) that the parent or parents, without good cause,
> have been unwilling or unable within a reasonable period of time
> not to exceed twelve months from the date the child was placed in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

foster care to remedy substantially the conditions which led to the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

C. S. v. Va. Beach Dep't of Soc. Servs., 41 Va. App. 557, 565, 586 S.E.2d 884, 888 (2003).

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). Furthermore, we will not consider an argument on appeal that is different from the specific argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments "before the trial court precludes him from raising them for the first time on appeal").

Mother asserts for the first time on appeal that the Department "did not offer reasonable and appropriate services" pursuant to Code § 16.1-283(C)(2). However, at trial, mother's counsel outlined the numerous services the Department did provide and instead argued that mother had "complied with those services."

In her second assignment of error, mother argues on appeal that the Department did not prove she "failed to remedy the conditions that led to the child's removal." At trial, mother contended that she, in fact, had taken significant steps toward remedying the conditions that led to the child's removal. Counsel argued that mother sought out counseling on her own, which she paid for out of her own pocket, made modifications to her apartment, and had a support system

in place. Mother's argument was not that she lacked clarity with respect to the problems that needed to be resolved, but rather that she had taken significant steps toward resolving those problems. On appeal, however, mother for the first time makes a different argument, asserting that the Department "did not identify clearly and specifically the conditions that led to the child's removal" and that the trial court did not make clear which "removal, first or second or both, comprised the conditions needing fixing." Mother did not make these arguments before the trial court and is therefore barred from presenting them for the first time on appeal. A trial court must be alerted to the precise issue to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Accordingly, Rule 5A:18 bars our consideration of mother's assignments of error on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For the reasons stated above, we summarily affirm the decision terminating mother's parental rights. See Rule 5A:27.

Affirmed.