COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Callins

MARTY D. FOUST

v.      Record No. 0015-22-3

LAWRENCE BROTHERS, INC. AND
  AMERICAN INTERSTATE INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 28, 2023

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Marty D. Foust, on brief), *pro se*.

No brief for appellees.

Marty D. Foust appeals a decision of the Workers' Compensation Commission terminating his January 6, 2012 open award of benefits because he had received the statutory maximum of 500 weeks of temporary total disability benefits. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the Commission's judgment.

BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (en banc)).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On April 18, 2011, Foust suffered a compensable injury by accident when he "sustained second and third degree burns to the chest, left elbow, abdomen/flank area, and left upper extremity." The parties stipulated that Foust was entitled to temporary total disability benefits and that his pre-injury average weekly wage was $605. Accordingly, on January 5, 2012, a deputy commissioner awarded Foust lifetime medical benefits and $403.33 per week in temporary total disability benefits based on the stipulated average weekly wage. Foust's employer at the time of the accident paid Foust the statutory maximum of 500 weeks of temporary total disability benefits from April 19, 2011, through November 16, 2020. *See* Code § 65.2-518 ("The total compensation payable under this title shall in no case be greater than 500 weeks . . . .").

Since the original award, the parties have litigated numerous issues before the Commission, the history of which is recited in a March 5, 2021 opinion from the deputy commissioner in the record of a related appeal. The present appeal involves only the Commission's decision to terminate Foust's award because he had received the statutory maximum of 500 weeks of temporary total disability benefits.

On October 27, 2021, the Commission issued a "Notification of Terminated Awards" to Foust. The notification informed Foust that "[t]he open Award entered on January 6, 2012 providing for benefits beginning April 19, 2011 is hereby terminated effective November 16, 2020 based on the expiration of 500 weeks." Foust timely requested review by the Commission. His request for review asserted no reason why the notification was issued in error. On November 23, 2021, the Commission acknowledged receipt of the request for review and informed the parties that, absent a joint request for written statements and oral argument, its review would be based solely on the record. On December 2, 2021, the Commission affirmed the "Notification of Terminated Awards." Foust appeals.

ANALYSIS

Although Foust noted an appeal from the Commission's decision that he had received 500 weeks of temporary total disability benefits, his assignments of error contest the Commission's recitation of the procedural history of his case and other issues unrelated to the number of weeks he received benefits.

Foust asserts that the Commission erred by stating that it held his "pre-injury average weekly wage was $605, not $900." Foust also claims that "he was unaware that his attorney had agreed [his] pre-injury average weekly wage" was $605. He contends further that the Commission erred by stating that he sought a cost-of-living adjustment for wage loss benefits received in 2020 and that a "[d]eputy [c]ommissioner denied his entitlement to such by opinion dated April 22, 2021." Moreover, he maintains that the Commission erred by stating that he failed to produce evidence demonstrating "improper actions on the part of the defendants in the calculation of wages" or that his pre-injury wage was $900. The only assignment of error relating to the *number of weeks* Foust received benefits is his assertion that the Commission misstated that "the dates of payment encompassed April 19, 2011 through November 16, 2020" and that it erred by ruling that he had offered no argument or evidence to the contrary.

Even assuming that Foust's arguments on appeal address the Commission's decision affirming the termination of his benefits, his arguments were not presented to the Commission in support of his request for review. "No ruling of . . . the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "[N]either an appellant nor an appellate court should

'put a different twist on a question that is at odds with the question presented to the [lower tribunal].'" *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). The Commission "must be alerted to the precise 'issue' to which a party objects." *Kelly v. Commonwealth*, 42 Va. App. 347, 354 (2004) (quoting *Neal v. Commonwealth*, 15 Va. App. 416, 422 (1992)). "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, [Foust] does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010); *see also Hampton Inn & Selective Ins. Co. of Am. v. King*, 58 Va. App. 286, 301 (2011) (same).

Accordingly, appellate review of Foust's arguments is barred by Rule 5A:18.

CONCLUSION

For the foregoing reasons, we affirm the Commission's judgment.

*Affirmed.*