COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Huff and Senior Judge Haley


EDEBIRI TEMITOPE AIHEVBA

                                                    MEMORANDUM OPINION*
v.        Record No. 1004-13-4                          PER CURIAM
                                                     OCTOBER 29, 2013
FAIRFAX COUNTY DEPARTMENT
  OF FAMILY SERVICES


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                             Charles J. Maxfield, Judge

              (Karen A. Hainer; Hainer Porras LLC, on brief), for appellant.

              (David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
              County Attorney; Matthew J. Marcialis, Assistant County Attorney,
              on brief), for appellee.

              (Margaret R. Vaughn, Guardian *ad litem* for the minor children,
              on brief).


        Edebiri Temitope Aihevba (father) appeals from March 8, 2013 circuit court orders

terminating his residual parental rights to his two children pursuant to Code § 16.1-283(C)(1)

and (2).  On appeal, father argues the trial court erred (1) by finding the Fairfax County

Department of Family Services (the Department) "met its burden to prove by clear and

convincing evidence that [his] rights should be terminated," and (2) "when it determined that the

[Department] made sufficient efforts to consider relative placement of [his] children as an

alternative to adoption."

        Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

Father's children were born on July 9, 2004 and June 12, 2005. In December 2006, father began serving a term of incarceration following his convictions for rape of a minor, grand larceny, and burglary. Immediately upon his release, he was apprehended by federal authorities and deported to his native Nigeria in March 2012. He has not seen his children since his initial incarceration.

While father was incarcerated, the Department received allegations that the children's mother was physically abusing the children. The Department removed the two boys from mother's care in June 2011.

Foster care social worker Kimberly Cobb testified she explored the option of placing the children with relatives. Mother's sister and mother and the children's paternal grandfather were identified as potential caretakers. Cobb made a request for a relative home study for both the children's maternal aunt and paternal grandfather under the Interstate Compact for the Placement of Children. Both relatives lived in Montgomery County, Maryland. Neither relative fully cooperated with the Montgomery Department of Health and Human Services with regards to the home study process, and both relatives were therefore eliminated as potential caretakers. Additionally, the maternal aunt specifically indicated to Cobb that she was no longer interested in being a placement option for the children. The maternal grandmother initially visited with the children on a regular basis but stopped attending in September 2011. She never expressed

interest in being a placement option. Cobb also explained that due to the grandmother's

advanced age and health problems she was not considered capable of caring for the children,

both of whom had been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD).

Analysis

I.

Pursuant to Code § 16.1-283(C)(1), a trial court may terminate the rights of a parent to a

child upon clear and convincing evidence that the parent,

> without good cause, failed to maintain continuing contact with and
> to provide or substantially plan for the future of the child for a
> period of six months after the child's placement in foster care
> notwithstanding the reasonable and appropriate efforts of social,
> medical, mental health or other rehabilitative agencies to
> communicate with the parent . . . and to strengthen the parent-child
> relationship. Proof that the parent . . . ha[s] failed without good
> cause to communicate on a continuing and planned basis with the
> child for a period of six months shall constitute prima facie
> evidence of this condition[.]

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without

good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed

twelve months from the date the child was placed in foster care to remedy substantially the

conditions which led to or required continuation of the child's foster care placement,"

notwithstanding reasonable and appropriate efforts of service agencies.

When reviewing a decision to terminate parental rights, we presume the circuit court

"'thoroughly weighed all the evidence, considered the statutory requirements, and made its

determination based on the child's best interests.'" Toms, 46 Va. App. at 265-66, 616 S.E.2d at

769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656,

659 (2005)). "'The trial court's judgment, "when based on evidence heard *ore tenus*, will not be

disturbed on appeal unless plainly wrong or without evidence to support it."'" Id. at 266, 616

S.E.2d at 769 (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In

- 3 -

its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

To support his argument, father contends the Department failed to provide him with reasonable and appropriate services. However, the record demonstrates that father was incarcerated or detained the entire time his children were in foster care.

Whether services must be offered to an incarcerated parent was addressed by this Court in Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 590 S.E.2d 575 (2004). There, we stated, "as long as he was incarcerated, the Department would have no avenue available to offer [the father] services aimed at assisting him in regaining custody of the child." Id. at 163-64, 590 S.E.2d at 583. "'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992). In this case, the record supports the trial court's determination that the Department made reasonable and appropriate efforts to communicate with father and to strengthen the parent-child relationship. Although father sought to visit with the children, he was incarcerated at the time and the children had not seen father in many years. The Department denied the visitation request, but encouraged father to contact his children. Father failed to do so.

Father also argues the "trial court should not have entered an order allowing [his] rights to be terminated but instead should have required [the Department] to begin providing reunification services to him for at least a reasonable time after his release from incarceration." He also suggests "the statutory criterion for termination of parental rights has not been met . . . ."

- 4 -

However, the record demonstrates that father "failed to maintain continuing contact with and to provide or substantially plan for the future of the child[ren] for a period of six months after the child[ren]'s placement in foster care," thus providing the trial court with "prima facie evidence" to support the termination of father's parental rights.  Code § 16.1-283(C)(1).

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson, 14 Va. App. at 340, 417 S.E.2d at 5.  "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)).

The trial court did not err in finding that the evidence was sufficient to terminate father's parental rights under Code § 16.1-283(C)(1).

Because we conclude the trial court's decision terminating father's parental rights was warranted under Code § 16.1-283(C)(1), we need not decide if the termination of father's parental rights was also warranted under Code § 16.1-283(C)(2).  When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds.  See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

II.

Father argues the trial court erred by concluding the Department "made sufficient efforts to consider relative placement of [his] children as an alternative to adoption."

However, at trial, father argued only that he "should have received services." Likewise, in his written objection on the trial court's final order, father objected only on the basis that "no services [were] afforded" to him. At no time did he present to the trial court the issue he now raises on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). Furthermore, we will not consider an argument on appeal that is different from the specific argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments "before the trial court precludes him from raising them for the first time on appeal").

Father did not make this argument before the trial court and is therefore barred from presenting it for the first time on appeal. A trial court must be alerted to the precise issue to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Accordingly, Rule 5A:18 bars our consideration of these issues on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might

- 6 -

have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For the reasons stated above, we summarily affirm the decision terminating father's parental rights.  See Rule 5A:27.

Affirmed.